# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN ARNOLD,**
**Claimant Below, Petitioner**

**vs.)    No.  16-0020** (BOR Appeal No. 2050579)
                    (Claim No. 2014000595)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Arnold, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Aimee M. Stern, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2015, in which the Board affirmed the June 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 19, 2014, award of 3% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Arnold, a coal miner, injured his right shoulder on June 19, 2013, when he was pulling a pallet out of mud and lost his balance. He fell backward and grabbed a guard rail with his right arm. An MRI of the shoulder revealed severe acromioclavicular arthritis with moderate subacromial subdeltoid bursitis as well as a fifty percent partial thickness tear of the supraspinatus tendon. Mr. Arnold sought treatment from Dona Alvarez, M.D., who performed a rotator cuff repair and acromioclavicular resection with acromioplasty on August 20, 2013. Following the surgery, Dr. Alvarez recommended home exercises and physical therapy. Mr. Arnold participated in physical therapy until March of 2014.

1

Sushil Sethi, M.D., performed an independent medical evaluation on February 28, 2014. Mr. Arnold told Dr. Sethi that his shoulder was much improved and that he only experienced some achiness and discomfort. Working above his head sometimes caused discomfort. Dr. Sethi noted Mr. Arnold had good success with the surgery. Mr. Arnold's flexion was one hundred and fifty degrees; extension was forty degrees; abduction was one hundred and fifty degrees; adduction was forty degrees; internal rotation was eighty degrees; and external rotation was eighty degrees. He did not believe any additional medical treatment was reasonable or necessary for the work injury. Dr. Sethi assessed 3% whole person impairment based on Mr. Arnold's range of motion measurements. On March 19, 2014, the claims administrator granted Mr. Arnold a 3% permanent partial disability award.

Bennett Orvik, M.D., performed an independent medical evaluation on November 13, 2014. Dr. Orvik noted Mr. Arnold reported significant right shoulder problems with a lot of pain and significant decrease in range of motion of the shoulder. Mr. Arnold told Dr. Orvik that he was not able to do much with his right arm, including raise his shoulder above his head. Mr. Arnold's flexion was one hundred and thirteen degrees; extension was forty-eight degrees; abduction was one hundred degree; adduction was twenty-eight degrees; internal rotation was twenty-eight degrees; and external rotation was thirty-five degrees. Dr. Orvik assessed 9% impairment based on the right shoulder measurements. He also opined that Mr. Arnold did not need any additional medical treatment.

The Office of Judges affirmed the claims administrator's award of 3% permanent partial disability on June 8, 2015. It found Dr. Sethi's opinion to be more credible than that of Dr. Orvik. It noted that Dr. Sethi's range of motion measurements were more in line with the range of motion measurements noted by Dr. Alvarez and Alisha McCune, P.T. The Office of Judges determined that it was not credible for Mr. Arnold to have deteriorated to the extent noted by Dr. Orvik in the time since Dr. Sethi's examination of him. The Office of Judges determined that if Mr. Arnold's range of motion would have deteriorated to the extent that Dr. Orvik noted, then Mr. Arnold would not have reached maximum medical improvement.

The Board of Review adopted the Office of Judges' findings of fact and conclusions of law and affirmed its Order in its December 22, 2015, decision. The Office of Judges weighed the evidence and ultimately found the opinion of Dr. Sethi to be more credible. It did not believe Mr. Arnold's range of motion could have deteriorated to the extent noted in Dr. Orvik's report. The Office of Judges was within its authority to weigh the evidence and render an opinion as to which evidence is more credible. Here, Dr. Sethi was determined to be more credible.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker


**DISSENTING**:
Justice Menis E. Ketchum